IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 26 2019
ARTHUR JOHNSTON
BY _____ DEPUTY

MICHAEL HOSKING, Individually,

    Plaintiff

vs.    Civil Action No.: 1:19CV347 LG-RHW

NORTHROP GRUMMAN CORPORATION,
a Delaware Corporation;
HUNTINGTON INGALLS INDUSTRIES
INTERNATIONAL SHIPBUILDING, INC., a
Nevada Corporation
INGALLS INTERNATIONAL
SHIPBUILDING CORPORATION, a Nevada
Corporation;
MALIA SEXTON, Individually;
MALIA SEXTON, as Respondeat Superior;
FICTITIOUS DEFENDANT I; AND
FICTITIOUS DEFENDANT II,

    Defendants

COMPLAINT FOR VIOLATION OF
FAMILY MEDICAL LEAVE ACT,
COMPENSATORY DAMAGES,
INTEREST, ATTORNEYS FEES AND
COSTS UNDER FMLA
AND
JURY DEMAND

Plaintiff, Michael Hosking ("Hosking") complains of the defendants as follows:

<u>JURISDICTION</u>

1.    This action involves application of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## VENUE

2. The claims asserted in this action arose within this district and the alleged discrimination; forced termination; and damages occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## PARTIES

3. The Plaintiff, Michael Hosking (hereinafter referred to as "Hosking") is, and at all times material hereto was, a citizen of the State of Mississippi, residing in Gulfport, Harrison County, First Judicial District, Mississippi.

4. HOSKING is informed and believes, and upon that basis, alleges, the Defendant, NORTHROP GRUMMAN CORPORATION ("NORTHRUP") is and was at all times material hereto, a Delaware Corporation doing business in this district, with a principal place of business in Pascagoula, Jackson County, Mississippi.

5. HOSKING is informed and believes, and upon that basis alleges, the Defendant, HUNTINGTON INGALLS INDUSTRIES INTERNATIONAL SHIPBUILDING, INC. ("HUNTINGTON"), is and was at all times material hereto, a Nevada Corporation doing business in this district, with a principal place of business in Pascagoula, Jackson County, Mississippi.

6. HOSKING is informed and believes, and upon that basis alleges, the Defendant, INGALLS INTERNATIONAL SHIPBUILDING CORPORATION ("INGALLS"), is and was at all times material hereto, a Nevada Corporation doing business in this district, with a principal place of business in Pascagoula, Jackson County, Mississippi.

7. HOSKING is informed and believes, and upon that basis alleges that MARIA SEXTON ("SEXTON") is, and at all times material hereto, was an agent, employee and servant of the master(s) NORTHRUP; HUNTINGTON; and INGALLS, and was acting within the course and scope of her agency or employment authority as such, with knowledge, express or implied, of NORTHROP; HUNTINGTON; and INGALLS. SEXTON acting under authority of NORTHROP; HUNTINGTON; and INGALLS, denied HOSKING the requisite leave permitted under the FMLA, and caused HOSKING, by wanton circumvention and bold defiance of Federal Law, to be terminated from his position, violating his FMLA rights. Accordingly, adherence to the fiction that SEXTON was acting outside of the scope of her authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice. Due to SEXTON'S overzealous attempts and schemes to terminate HOSKING'S employment, said schemes beginning the very first day after HOSKING turned in his FMLA paperwork, HOSKING also names SEXTON as an individual defendant. It is HOSKING'S belief that SEXTON not only followed the command of her masters, but also obtained material gain in the way of a monetary bonus for her efforts in the violation of FMLA which led to the eventual termination of HOSKING'S employment.

## GENERAL ALLEGATIONS

8. At all times material hereto, HOSKING was an employee of HUNTINGTON, a subsidiary of INGALLS, a subsidiary of NORTHROP, employed primarily as a Pipe-Fitter, commencing in November, 2007, until July, 2017, reporting to the Human Resources Supervisor, the within named Defendant, SEXTON. The Pipefitter position required welding skills which HOSKING possesses.

9. On or about May 22, 2017, HOSKING, received notice from KC Arnold, A.N.P., of The Diabetes Center, in Ocean Springs, Mississippi, that Plaintiff's spouse, Sherry HOSKING, had been diagnosed with Diabetes Mellitus, Type 1, Hypertension due to Diabetes, and Mixed hyperlipidemia. Said conditions were diagnosed as chronic and required that Sherry HOSKING be monitored to avoid death, or diabetic stroke. Following the advisement of Sherry HOSKING'S physicians, HOSKING filed for FMLA status on, May 22, 2017.

10. On May 24, 2017, HOSKING delivered his Certificate of Health Care Provider for Medical or Family Care Leave, the HII Leave Desk at HUNTINGTON facility.

11. On or about June 12, 2017, HOSKING, alerted HUNTINGTON, that he would be taking an FMLA day because his wife needed monitoring due to elevated blood sugar levels that may have ended in an emergency room visit. SEXTON demanded a doctor's note to allow the absence. When no doctor's note was produced, SEXTON placed Plaintiff on probation for missing his shift.

12. On or about June 20, 2017, HOSKING alerted HUNTINGTON, that he would be taking another FMLA day, due to wife's blood sugar spiking dangerously high. SEXTON, once more, demanded a doctor's note to excuse the absence, and, when no doctor's note was produced, SEXTON, once more took disciplinary action against Plaintiff.

13. On or about June 21, 2017, HOSKING alerted HUNTINGTON that he would be taking another FMLA day due to wife's elevated blood sugar and due to the road, leading to his home, being flooded so badly that EMT's would not be able to pass through to take her to the hospital in the event of a catastrophic blood sugar episode. SEXTON marked this absence as an

unexcused absence and refused to file said absence under FMLA. SEXTON, once more, took disciplinary action against Plaintiff.

14. On or about June 30, 2017, HUNTINGTON, without notice, dropped Sherry HOSKING, from HOSKING'S company insurance, stating that they needed proof that she was, indeed, his dependant, despite HUNTINGTON, having a valid, certified copy of Marriage License, showing that Sherry HOSKING was HOSKING'S spouse; a Certificate of Approval for FMLA which contained social security number, date of birth, full name and relationship of "spouse" to HOSKING; and copies of State and Federal Tax Returns showing HOSKING filing "Married, Jointly" with Sherry HOSKING. It is, herein alleged, that SEXTON, under the instruction of NORTHROP; HUNTINGTON; and INGALLS, did purposefully, maliciously; and knowingly remove Sherry HOSKING from Plaintiff's employee insurance benefits as an "off-the-books" punishment for him exercising his rights under FMLA.

15. On or about July 12, 2017, HOSKING alerted HUNTINGTON that he would be taking an FMLA day due to his wife's blood sugar being over 300 and her acting erratically and symptomatic of a diabetic stroke. SEXTON, demanded a doctor's note for this absence and stated that any future unexcused (without doctor's letters) FMLA absences would result in the termination of Plaintiff's employment.

16. On or about July 24, 2017, HOSKING experienced a flat tire, enroute, to his shift at HUNTINGTON. Plaintiff called ahead to HUNTINGTON to let them know that he was on his way, but would be late, due to the flat tire. SEXTON seized on this opportunity and immediately fired, Plaintiff, citing "Missing Time" as the cause of termination.

17. Plaintiff, HOSKING, is informed and believes, and on that basis alleges, that, in performing the actions in paragraphs 10 through 15, above, Defendants failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to discriminate against Plaintiff, HOSKING, by taking disciplinary measures; and "off-the-books" measures to punish Plaintiff for FMLA-related absences, and, ultimately, terminating Plaintiff's employment for same.

18. HOSKING is informed and believes, and on that basis alleges, that, as a proximate result of Defendants' conduct: (1) HOSKING'S right to extended leave to care for his seriously-ill spouse was interfered with and impaired; (2) NORTHROP; HUNTINGTON; and INGALLS' removing Sherry HOSKING from HOSKING'S employee insurance benefits, and ultimate termination of HOSKING'S employment, was in retaliation to HOSKING taking leaves of absence to care for his chronically ill spouse and violated his right to the same or equivalent employment upon his return from leave; and (3) HOSKING'S termination caused a severe economic hardship on his family and his ability to care for his chronically-ill spouse, which, Plaintiff alleges was the intended result of said termination on the part of NORTHROP; HUNTINGTON; INGALLS; and SEXTON.

19. As a proximate cause of Defendants' conduct, HOSKING has been unemployed and has been and will continue to experience loss of wages while being forced to expend significant personal sums in order to obtain reinstatement to the Pipefitter position to which he is entitled, to provide food, shelter, clothing, and medical care for both he and his chronically-ill spouse, Sherry HOSKING. These expenditures and costs are consistent with those recoverable for violation of the FMLA.

## **FIRST CLAIM FOR RELIEF**
(Compensatory Damages Under the FMLA)
29 U.S.C. § 2617(a)

20. HOSKING realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19, inclusive.

21. HOSKING is informed and believes, and on that basis alleges, that NORTHROP; HUNTINGTON; INGALLS; and SEXTON qualify as "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that HOSKING is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

22. HOSKING is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that HOSKING was entitled to restoration of his position as described in the FMLA, 29 U.S.C. § 2614(1), and that HOSKING was denied restoration of his position, or an equivalent position as prescribed in FMLA.

23. HOSKING is informed and believes and on that basis alleges that Defendants are responsible under the FMLA, 29 U.S.C. § 2617(a).

24. As a result of HOSKINGS' termination, HOSKING has incurred, and is now incurring, a loss of wages and continued medical expenses, all within the meaning of FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial, but believed to exceed $25,000. These costs include, without limitation, lost wages and medical expenses, back pay from the effective date of termination, medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this Complaint, and any interest on

the amount thereon provided in the FMLA, 29 U.S.C. § 2617. the costs also include attorney's fees that, as of the date of this Complaint, exceed $10,000.00.

25. HOSKING is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), Defendants are liable to HOSKING for the costs described in the preceding paragraph.

## SECOND CLAIM FOR RELIEF
(Declaratory Relief for Compensatory Damages Under FMLA)
29 U.S.C. § 2617(a)

26. HOSKING realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25 above.

27. An actual controversy now exists between HOSKING on the one hand, and Defendants, on the other, in that HOSKING contends that Defendants are liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by HOSKING and reinstatement of HOSKING to his previous position of Pipefitter, in connection with the alleged employment discrimination perpetrated by NORTHROP; HUNTINGTON; and INGALLS. HOSKING is informed and believes, and on that basis alleges, that the Defendants contend in all respects to the contrary.

28. A declaration of rights and obligations of the parties of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by HOSKING, is appropriate and in the interests of justice.

WHEREFORE, HOSKING prays for judgment against the Defendants as follows, to-wit:

### AS TO THE FIRST CLAIM FOR RELIEF
### FOR COMPENSATORY DAMAGES UNDER THE FMLA

1. For compensatory damages and other costs incurred by HOSKING according to proof, but believed to exceed $25,000.00, and reinstatement of HOSKING to his previous position of Pipefitter.

2. For HOSKING'S reasonable attorney fees.

### AS TO THE SECOND CLAIM FOR RELIEF
### FOR DECLARATORY RELIEF UNDER FMLA

3. For a judicial declaration that the Defendants are liable under the FMLA, 29 U.S.C. § 2617(a) for all past, present and future lost wages, employee benefits and other costs incurred by HOSKING in connection with HOSKING'S termination of employment from NORTHROP; HUNTINGTON; and INGALLS, including, without limitation, reasonable attorney's fees.

### AS TO ALL CLAIMS

4. For all costs of suit herein; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 26th day of June, 2019.

_____
CAROLYN ANN MCALISTER, ESQ.

Prepared by:
Carolyn Ann McAlister, Esq. (MSB # 100110)
McAlister Law Firm
419 Security Square, Suite A
Gulfport, MS 39507
P: (228) 265-5190
F: (800) 676-0794
E: mcalisterc@rocketmail.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff HOSKINGS hereby demands trial by jury for the claims set forth in this, his Complaint.

Respectfully submitted this the 26th day of June, 2019.

_____
CAROLYN ANN MCALISTER, ESQ.